| | | | |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | AUSA: Susan Fairchild<br>Agent: Jason Messenger | Telephone: (313) 226-9577<br>Telephone: (734) 676-2972 | |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br>Porfirio MONTEJANO-MENDOZA a/k/a Gustavo GARCIA | Case No. 2:26−mj−30090<br>Assigned To : Unassigned<br>Assign. Date : 2/19/2026<br>Description: CMP USA V. PORFIRIO MONTEJANO−MENDOZA (DA) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 17, 2026__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) and (b)(2) | Unlawful Re-Entry Following Removal from the United States, Prior Aggravated Felony Conviction |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_Jason Messenger, Border Patrol Agent_
_U.S. Department of Homeland Security_

*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: February 19, 2026

City and state: Detroit, MI

*Judge's signature*

Elizabeth A. Stafford, U.S. Magistrate Judge

*Printed name and title*

I, Jason A. Messenger, declare the following under penalty of perjury:

1.  I am an agent with the U.S. Department of Homeland Security, U.S. Border Patrol. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol agents and record checks of law enforcement databases. I have also reviewed the immigration file and system automated data relating to Porfirio MONTEJANO-MENDOZA a/k/a Gustavo GARCIA, a native and citizen of Mexico.

2.  This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint and arrest warrant for MONTEJANO-MENDOZA, for a violation of 8 U.S.C. § 1326(a) and (b)(2), unlawful re-entry following removal-prior aggravated felony conviction. I have not included every fact known to law enforcement related to this investigation.

3.  On or about May 4, 2003, MONTEJANO-MENDOZA was encountered by United States Border Patrol Agents in or near El Paso, Texas. MONTEJANO-MENDOZA was processed as a Voluntary Return and he returned to Mexico.

4.  On or about May 21, 2008, MONTEJANO-MENDOZA pleaded guilty to a violation of 21 U.S.C. §841, Distribution of Cocaine; Aiding and Abetting in the Western District of Tennessee. MONTEJANO-MENDOZA was sentenced to 18 months' imprisonment and two years' supervised release.

5. On or about December 18, 2008, MONTEJANO-MENDOA was ordered removed from the United States via Final Administrative Removal Order, Form I-851A in Big Spring, Texas.

6. On or about February 13, 2009, MONTEJANO-MENDOA was removed from the United States to Mexico through Del Rio, Texas.

7. On or about November 2, 2021, MONTEJANO-MENDOA was convicted of Driving Without a License and was sentenced to costs, fines.

8. On or about February 17, 2026, Southgate Police Department contacted the Border Patrol Gibraltar Station requesting assistance identifying MONTEJANO-MENDOZA, who officers encountered during a traffic stop in the City of Southgate, in the Eastern District of Michigan. At the time of the encounter MONTEJANO-MENDOZA identified himself as Gustavo GARCIA and presented a Mexican driver's license bearing such name to the officer. After being booked and fingerprinted at the Southgate Police Department it was determined that his real identity was MONTEJANO-MENDOZA, and he gave an alias name to the officers.

9. At the time of the traffic stop, Southgate police officers recovered from inside the vehicle 4 kilograms of suspected cocaine.

10. After arriving at the scene, a United States Border Patrol Agent identified himself and conducted an immigration inspection. The Agent determined that MONTEJANO-MENDOZA had unlawfully reentered the United States at a

time and place other than as designated by the Secretary of the Department of Homeland Security of the United States. After determining that MONTEJANO-MENDOZA was an individual who illegally entered the United States, MONTEJANO-MENDOZA was arrested and transported to the Gibraltar Border Patrol Station for further processing.

11. While at the Gibraltar Border Patrol Station, Agents captured MONTEJANO-MENDOZA's fingerprints and photograph and entered this information into the Automated Biometric Identification System (IDENT) and the Next Generation Identification (NGI). The results revealed that MONTEJANO-MENDOZA is a citizen of Mexico, with no record of obtaining permission to re-apply for admission to the United States following his February 13, 2009, removal to Mexico.

12. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, U.S. Code, to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

13. Review of the Alien File (A# XXX XXX 590) for MONTEJANO-MENDOZA, and queries in U.S. Department of Homeland Security databases

confirm no record exists of MONTEJANO-MENDOZA obtaining permission from the Attorney General or the Secretary of Homeland Security to re-apply for admission to the United States after his removal from the United States on February 13, 2009.

14. Based on the above information, there is probable cause to conclude that on or about February 17, 2026, in the Eastern District of Michigan, Southern Division, Porfirio MONTEJANO-MENDOZA a/k/a Gustavo GARCIA, an alien from Mexico, who had previously been convicted of an aggravated felony offense and was subsequently denied admission, excluded, deported, and removed therefrom on or about February 13, 2009, at or near Del Rio, Texas, was found in the United States without having obtained the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

Jason Messenger, Border Patrol Agent  
U.S. Department of Homeland Security

Sworn to before me and signed in my
presence and/or by reliable electronic means.

Honorable Elizabeth A. Stafford
United States Magistrate Judge

4